Stephen W. Feingold (SWF 2763)
Barry Benjamin (BMB 7350)
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
Telephone:     (212) 297-5800
Facsimile:     (212) 916-2940

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KINGSTON OIL SUPPLY CORP., a New York corporation, | : : : : |
| Plaintiff, | : : **AMENDED COMPLAINT** |
| v. | : : |
| BOTTINI PROPANE INC., a New York corporation, | : : Civil Action No.: 08 CIV 4253 (BSJ) |
| Defendant. | : : |

Plaintiff, Kingston Oil Supply Corp. ("Plaintiff"), by its attorneys, Day Pitney LLP, for its Amended Complaint against defendant, Bottini Propane Inc. ("Defendant"), alleges as follows:

## <u>INTRODUCTION</u>

1.        This is an action for trademark infringement and false designation of origin arising under the Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. 1051 *et seq.*, and for unfair competition under the laws of the state of New York.

## THE PARTIES

2.         Plaintiff is a New York corporation with a mailing address of P.O. Box 760, North Broadway, Port Ewen, NY 12466.

3.         Defendant is a New York corporation with a place of business at 2785 Main Street, Wappingers Falls, New York, 12590.

## JURISDICTION AND VENUE

4.         This action arises under the federal Lanham Act, 15 U.S.C. § 1125, and related state statutes and the common law.  This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b).  This Court has supplemental jurisdiction over all state law claims asserted herein pursuant to 28 U.S.C. § 1367 (a).  This Court has personal jurisdiction over Defendant pursuant to N.Y.C.P.L.R. § 301 by virtue of the fact that Defendant is a resident of the State of New York, including the Southern District of New York, transacts business within the State of New York, including the Southern District of New York, and has caused Plaintiff's injuries as alleged herein from its acts within or directed toward New York, including the Southern District of New York.

5.      Venue is proper pursuant to 28 U.S.C. §1391 (b).

## FACTS COMMON TO ALL COUNTS

6.         Plaintiff, a subsidiary of Getty Petroleum Marketing Inc., has for over 40 years been engaged in the sale, supply and delivery of heating fuel and the installation of fuel storage tanks, heating systems, water heaters, and thermostats to customers in New York State's Hudson Valley.

7.         Since 1959, Plaintiff has been using YOUR COMFORT IS OUR CONCERN in connection with the marketing and provision of Plaintiff's services.

2

8.      Specifically, YOUR COMFORT IS OUR CONCERN has appeared on Plaintiff's trucks, billing statements, website, advertisements in various media, and other promotional materials.  In addition, YOUR COMFORT IS OUR CONCERN virtually always appears in close proximity to Plaintiff's company name.

9.      Plaintiff has invested significant sums in the marketing and promotion of Plaintiff's services as provided under YOUR COMFORT IS OUR CONCERN.  As a result of these efforts, as well as Plaintiff's almost 50 years of use of YOUR COMFORT IS OUR CONCERN, the relevant public has long since come to associate YOUR COMFORT IS OUR CONCERN exclusively with Plaintiff.

10.     Plaintiff is also the owner of United States Trademark Application Serial No. 77/392,734. A copy of that Application is attached hereto as Exhibit A.

11.     Upon information and belief, Defendant is a full service oil and propane dealer operating in the same geographic area as Plaintiff, namely, New York State's Hudson Valley region.

12.     Upon information and belief, Defendant does business under the name Bottini Fuel Company.

13.     In January of 2008, Plaintiff learned that Defendant was making unauthorized use of YOUR COMFORT IS OUR CONCERN as a "verbal tag line" on Defendant's company answering machine.  At no point has Defendant sought, or been granted, permission from Plaintiff to make any use of YOUR COMFORT IS OUR CONCERN.

14.     By a letter dated February 1, 2008, Plaintiff, through its outside counsel, demanded that Defendant cease and desist from any use of YOUR COMFORT IS OUR CONCERN in connection with its business and provide written confirmation that YOUR

COMFORT IS OUR CONCERN has been removed from Defendant's answering machine.  A copy of that letter is attached hereto as Exhibit B.

15.     On March 20, 2008, Michael G. Lewis, the Vice President and General Counsel for Plaintiff[1], left Defendant a voicemail message in an attempt to informally resolve Defendant's unauthorized use of YOUR COMFORT IS OUR CONCERN.  Mr. Lewis sent a subsequent email on March 26, 2008 to the same effect.  To date, Defendant has not responded. In the meantime, Defendant's unauthorized use of YOUR COMFORT IS OUR CONCERN as a verbal tagline continues.  As a result every caller to Defendant who is placed on hold is exposed to the prominent use of Plaintiff's marks by one of its key competitors.

16.     By letter dated April 7, 2008, Plaintiff, through its outside counsel, sent Defendant a draft of this as-of-yet-unfiled complaint.  Plaintiff advised Defendant that unless appropriate assurances were received by April 10, 2008, that it would commence this action.  A copy of that letter is attached hereto as Exhibit C.

17.     Defendant did not respond.

18.     Defendant's unauthorized use of YOUR COMFORT IS OUR CONCERN commenced long after Plaintiff began its use in 1959.

19.     Upon information and belief, Defendant had knowledge of the existence of Plaintiff's use of YOUR COMFORT IS OUR CONCERN prior to engaging in the unauthorized use complained of herein.

20.     Defendant is committing the acts complained of herein willfully and with conscious disregard for Plaintiff's rights in YOUR COMFORT IS OUR CONCERN.

---

[1] Mr. Lewis is also Vice President and General Counsel for Plaintiff's parent company, Getty Petroleum Marketing Inc.

21.     Defendant's actions have caused damage and irreparable harm to Plaintiff. Unless Defendant is compelled to discontinue these actions by the Court, Plaintiff will continue to suffer such damage and irreparable harm.

22.     Plaintiff has no adequate remedy at law.

## CLAIM FOR RELIEF

### COUNT I – TRADEMARK INFRINGEMENT UNDER FEDERAL LAW

23.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 22 as if fully set forth herein.

24.     Defendant's aforesaid activities constitute trademark infringement of Plaintiff's YOUR COMFORT IS OUR CONCERN in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

25.     Defendant's aforesaid activities are likely to cause confusion, mistake and deception of the relevant public who are likely to believe that the products and services provided by Defendant are related to, connected with, or approved by Plaintiff when in fact they are not.

26.     Defendant's acts of trademark infringement have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

27.     Defendant's acts of trademark infringement, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

28.     Defendant has engaged and continues to engage in these activities knowingly and willfully.

83039616A02051208

## COUNT II – FALSE DESIGNATION OF ORIGIN UNDER FEDERAL LAW

29.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 28 as if fully set forth herein.

30.    Defendant's unlawful activities, as set forth above, create a likelihood of confusion or mistake as to the source, origin, sponsorship or legitimacy of the goods offered or sold by Defendant; misappropriate and trade upon the fine reputation and goodwill amassed by Plaintiff in YOUR COMFORT IS OUR CONCERN, thereby injuring that reputation and goodwill; and unjustly divert from Plaintiff to Defendant the benefits arising therefrom.

31.    Defendant's aforesaid activities constitute false designation of origin, false description and false representation, unfair competition and false advertising in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

32.    Defendant's acts of false designation of origin, false description and false representation, unfair competition and false advertising in commerce have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

33.    Defendant's acts of false designation of origin, false description and representation, unfair competition and false advertising in commerce, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

34.    Defendant has engaged and continues to engage in these activities knowingly and willfully.

6

## COUNT III – UNFAIR COMPETITION UNDER
## THE LAWS OF THE STATE OF NEW YORK

35.         Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 34 as if fully set forth herein.

36.         By reason of Defendant's unlawful activities, as set forth above, Defendant has engaged and is engaging in unfair competition with Plaintiff by copying, publishing, displaying, vending, distributing, selling, utilizing, promoting, and otherwise commercially benefiting from its use of Plaintiff's YOUR COMFORT IS OUR CONCERN where such use is likely to deceive and confuse the public into believing that Defendant's products and are sponsored by, licensed by, endorsed by, or are otherwise associated with Plaintiff, and by misappropriating or attempting to misappropriate YOUR COMFORT IS OUR CONCERN and Plaintiff's goodwill and reputation which are associated therewith.

37.         By reason of the foregoing, Plaintiff is being irreparably damaged by Defendant's activities in the manner set forth above and will continue to be irreparably damaged unless Defendant is enjoined from continuing to commit the aforesaid acts.

**WHEREFORE**,  Plaintiff prays for a judgment as follows:

1.         An order enjoining and restraining Defendant, its officers, agents, servants, employees, related companies, parent companies, subsidiary companies, licensees, assigns and all parties in privity and/or acting in concert with it, from making any use whatsoever of YOUR COMFORT IS OUR CONCERN, or any similar slogan, including in connection with the advertising, promoting, selling, or providing of, any of its products or services.

2.         Doing any other act or thing likely to, or calculated to, induce the belief that Plaintiff or Plaintiff's products or services are in any way affiliated, connected or associated with Defendant or Defendant's products.

7

3.        Within ten (10) days after the entry of an order for permanent injunction, Defendant be required to notify in writing each of its former and current customers as to the entry of the Court's injunction against using YOUR COMFORT IS OUR CONCERN, or any colorable imitation of YOUR COMFORT IS OUR CONCERN, in connection with its products or services.

4.        Within ten (10) days after the entry of an order for permanent injunction, Defendant, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with it, be required in accordance with 15 U.S.C. § 1118 to deliver up for destruction all labels, signs, prints, packages, wrappers, advertisements and the like in its possession bearing YOUR COMFORT IS OUR CONCERN.

5.        Within ten (10) days after the entry of an order for permanent injunction, Defendant be required to notify in writing all publications (whether print or electronic) in which any reference to YOUR COMFORT IS OUR CONCERN appears, or is scheduled to appear, directing them to immediately cancel any such reference.

6.        A finding that Plaintiff shall recover Defendant's profits, as well as the damages sustained by Plaintiff and the costs of this action due to Defendant's infringement of YOUR COMFORT IS OUR CONCERN, such amount of damages to be trebled in accordance with the provisions of 15 U.S.C. § 117.

7.        That the Court determine that this action is exceptional in accordance with the provisions of 15 U.S.C. § 117.

8.        That Defendant be ordered to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after the entry of the Order or Judgment, a report in writing and

under oath setting forth in detail the manner in which Defendant has complied with the requirements of such Order or Judgment.

7. Such other and further relief as the Court may deem just and equitable under the circumstances herein.

Dated this 12th day of May 2008.                    Respectfully submitted,

                                                  By:    _____
                                                         Stephen W. Feingold  (SWF 2763)
                                                         Barry M. Benjamin  (BMB 7350)
                                                         DAY PITNEY LLP
                                                         7 Times Square
                                                         New York, NY 10036-7311
                                                         Telephone:    (212) 297-5800
                                                         Facsimile:    (212) 916-2940

                                                         Attorneys for Plaintiff
                                                         Kingston Oil Supply Corp.

9

# EXHIBIT A

**Thank you for your request. Here are the latest results from the TARR web server.**

**This page was generated by the TARR system on 2008-05-01 13:14:21 ET**

**Serial Number:** 77392734 Assignment Information        Trademark Document Retrieval

**Registration Number:** (NOT AVAILABLE)

**Mark**

# YOUR COMFORT IS OUR CONCERN

**(words only):** YOUR COMFORT IS OUR CONCERN

**Standard Character claim:** Yes

**Current Status:** Newly filed application, not yet assigned to an examining attorney.

**Date of Status:** 2008-02-12

**Filing Date:** 2008-02-08

**Transformed into a National Application:** No

**Registration Date:** (DATE NOT AVAILABLE)

**Register:** Principal

**Law Office Assigned:** (NOT AVAILABLE)

**If you are the applicant or applicant's attorney and have questions about this file, please contact the Trademark Assistance Center at TrademarkAssistanceCenter@uspto.gov**

**Current Location:** 011 -Initial Review/Serialization Branch(Mailroom)

**Date In Location:** 2008-02-12

---

## LAST APPLICANT(S)/OWNER(S) OF RECORD

---

1. Kingston Oil Supply Corp.

**Address:**
Kingston Oil Supply Corp.
P.O. Box 760 North Broadway

Port Owen, NY 12466
United States
**Legal Entity Type:** Corporation
**State or Country of Incorporation:** New York

---

## GOODS AND/OR SERVICES

---

**International Class:** 035
**Class Status:** Active
Providing information on energy efficiency; providing consultation services related to energy consumption
**Basis:** 1(a)
**First Use Date:** 1983-06-30
**First Use in Commerce Date:** 1983-06-30

**International Class:** 037
**Class Status:** Active
Maintenance and installation of heating and cooling equipment, fireplaces and fireplace inserts, water heaters, thermostats, air quality systems, and water conditioning systems; duct cleaning; tank installation, removal, and repair services
**Basis:** 1(a)
**First Use Date:** 1988-11-15
**First Use in Commerce Date:** 1988-11-15

**International Class:** 039
**Class Status:** Active
Transportation, storage, and delivery of fuels; distribution of fuels
**Basis:** 1(a)
**First Use Date:** 1959-07-16
**First Use in Commerce Date:** 1959-07-16

**International Class:** 042
**Class Status:** Active
Remote monitoring, control, and reporting services related to energy usage and temperature control; meter reading services
**Basis:** 1(a)
**First Use Date:** 1959-07-16
**First Use in Commerce Date:** 1959-07-16

---

## ADDITIONAL INFORMATION

---

(NOT AVAILABLE)

---

## MADRID PROTOCOL INFORMATION

---

(NOT AVAILABLE)

---

## PROSECUTION HISTORY

**NOTE: To view any document referenced below, click on the link to "Trademark Document Retrieval" shown near the top of this page.**

2008-02-13 - New Application Entered In Tram

---

### ATTORNEY/CORRESPONDENT INFORMATION

**Attorney of Record**
Stephen W. Feingold

**Correspondent**
STEPHEN W. FEINGOLD
DAY PITNEY LLP
7 TIMES SQ
NEW YORK, NY 10036-6524
Phone Number:     **212-297-5800**
Fax Number: 212-916-2940

---

# EXHIBIT B

# DP DAY PITNEY LLP

BOSTON    CONNECTICUT    NEW JERSEY    NEW YORK    WASHINGTON, D.C.

STEPHEN W. FEINGOLD
Attorney At Law

7 Times Square
New York, NY 10036
T: 212-297-5845 F: (212)-916-2940
sfeingold@daypitney.com

February 1, 2008

**VIA FEDEX AND EMAIL**

Mr. Mark Bottini, President
Bottini Fuel Company
2785 Main Street
Wappingers Falls, New York 12590

      Re:    Kingston Oil Supply Corp. c/o Getty Petroleum Marketing
              v. Bottini Fuel Company

Dear Mr. Bottini:

We represent Kingston Oil Supply Corp. ("KOSCO"), a subsidiary of Getty Petroleum Marketing. We write to object to your use of the slogan YOUR COMFORT IS OUR CONCERN in connection with the goods and services offered by the Bottini Fuel Company ("Bottini").

KOSCO has used its YOUR COMFORT IS OUR CONCERN slogan in connection with the sale, supply and delivery of heating fuel and the installation of fuel storage tanks, heating systems, water heaters, fireplaces and thermostats to customers in the Hudson Valley since at least as early as 1959. This slogan appears on KOSCO's trucks, billing statements, website, advertisements in various media, and other promotional materials about the company. Significantly, this slogan almost always appears immediately adjacent to the KOSCO company name. KOSCO has invested significant resources in promoting its services through use of this slogan and as a result the slogan has achieved substantial consumer recognition.

As the first user of this mark in the United States, KOSCO has obtained common law rights to the slogan in its trading area which includes the entire Hudson Valley. As the owner of these common law rights, KOSCO possesses the exclusive right to use the slogan in the Hudson Valley and surrounding areas.

**DAY PITNEY** LLP

February 1, 2008
Page 2

KOSCO has recently discovered that Bottini is using the identical slogan "Your Comfort is Our Concern" on the company's answering machine. Such use of the slogan as a virtual tagline within the outbound message constitutes trademark use in connection with Bottini's supply and delivery of heating fuel in the Hudson Valley.

As two of the largest and oldest regional home oil providers and delivery services in the Hudson Valley it is simply inconceivable that you were not aware of the association between this slogan and KOSCO in the Hudson Valley. This fact suggests that you adopted this mark with the intent to benefit from any resulting confusion among consumers as to the relationship and connection of Bottini and KOSCO.

Given that you are using our client's mark for goods and services identical to KOSCO's in the same region of New York, our client believes that marketplace confusion is inevitable and that such use will prompt consumers to mistakenly believe that your company's sale, supply and delivery of heating fuel is somehow sponsored by, or affiliated with our client. As such, your use of "Your Comfort is Our Concern" is a violation of our client's rights and constitutes infringement and unfair competition under applicable federal and state laws.

We therefore demand that you immediately cease any and all use of the slogan YOUR COMFORT IS OUR CONCERN in connection with Bottini's business and provide us with confirmation that the slogan has been removed from Bottini's answering machine and that there are no other uses of the slogan whatsoever, including, but not limited, to usage on Bottini's advertisements or sales materials.

We urge you to take advantage of this opportunity to resolve this matter amicably. If we do not receive appropriate written assurances from you by February 8, 2008, we will take appropriate steps to prevent any continued violation of our client's rights, including the possible commencement of litigation. I would be happy to discuss this issue with your attorney.

Of course, this letter is without prejudice to all of our client's rights and remedies, none of which are waived by their omission in this letter.

We look forward to hearing from you.

Very truly yours,

/Stephen W. Feingold

# EXHIBIT C

# ![logo] DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

STEPHEN W. FEINGOLD
Attorney at Law

7 Times Square, Times Square Tower
New York, NY  10036
T: (212) 297 5845 F: (212) 916 2940
sfeingold@daypitney.com

April 7, 2008

**VIA FEDERAL EXPRESS**

Mr. Mark Bottini
President
Bottini Fuel Company
2785 Main Street
Wappingers Falls, New York 12590

> Re:  *Kingston Oil Supply Corp. v. Bottini Fuel Company*
>       Client-Matter No. 404051.121860

Dear Mr. Bottini:

As you know, we represent Kingston Oil Supply Corp. ("KOSCO"), owner of the YOUR COMFORT IS OUR CONCERN trademark. This letter concerns your company's unauthorized use of YOUR COMFORT IS OUR CONCERN. We originally contacted you by a letter of February 1, 2008. In that letter, we asked for Bottini's written confirmation that it would immediately cease all use of YOUR COMFORT IS OUR CONCERN. To date, we have not received a response to that letter from you or anybody claiming to represent Bottini.

In addition, and as you also know, Michael G. Lewis, Vice President and General Counsel of Getty Petroleum Marketing Inc., KOSCO's parent company, left you a voicemail on March 20, 2008 in an attempt to resolve this matter informally. Having received no response to that voicemail, Mr. Lewis sent you a follow up email on March 26, to which you have also failed to respond.

Bottini's failure to respond to Getty's KOSCO's efforts to resolve this matter amicably suggests that you doubt that KOSCO takes this infringement seriously. If that is in fact Bottini's view, it is a serious miscalculation.

Enclosed please find a courtesy copy of a civil Complaint drafted for proceedings before the United States District Court in the Southern District of New York. Unless we receive your immediate written assurances that you have discontinued the use of the YOUR COMFORT IS OUR CONCERN trademark on your company's telephone system as well as assurances that there are no other uses of this mark or any similar mark in any other verbal or written materials,

**DAY PITNEY** LLP

Mr. Mark Bottini
April 7, 2008
Page 2

and your agreement to reimburse Getty $5,000 for the unnecessary legal fees it has incurred as a result of your refusal to respond to our communications by no later than close of business, April 15, 2008, we will commence proceedings. In reviewing this settlement offer we refer you to Section 37 of the Lanham Act which expressly authorizes a prevailing plaintiff to obtain its attorneys' fees in "exceptional cases." The deliberate continued use of a key competitor's trademark after receiving a cease and desist letter coupled with your failure to even respond to our efforts to resolve this dispute will easily satisfy the "exceptional case" standard.

The foregoing is without prejudice to any of our client's rights or remedies, all of which are expressly preserved.

Very truly yours,

Stephen W. Feingold

cc:     Michael G. Lewis, Esq.
        Getty Petroleum Marketing Inc.

        Justin M. Kayal, Esq.

Stephen W. Feingold (SWF 2763)
DAY PITNEY LLP
7 Times Square
New York, NY 10036-7311
Telephone:    (212) 297-5800
Facsimile:    (212) 916-2940

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| KINGSTON OIL SUPPLY CORP., a New York corporation, | : |
| Plaintiff, | : **COMPLAINT** |
| v. | : |
| BOTTINI FUEL COMPANY, a New York corporation, | : Civil Action No.: _____ |
| Defendant. | : |

---

Plaintiff, Kingston Oil Supply Corp. ("Plaintiff"), by its attorneys, Day Pitney LLP, for

its Complaint against defendant, Bottini Fuel Company ("Defendant"), alleges as follows:

## INTRODUCTION

1.        This is an action for trademark infringement and false designation of origin

arising under the Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. 1051 *et

seq.*, and for unfair competition under the laws of the state of New York.

83039616.1

## THE PARTIES

2.          Plaintiff is a New York corporation with a mailing address of P.O. Box 760, North Broadway, Port Ewen, NY 12466.

3.          Defendant is a New York corporation with a place of business at 2785 Main Street, Wappingers Falls, New York, 12590.

## JURISDICTION AND VENUE

4.          This action arises under the federal Lanham Act, 15 U.S.C. § 1125, and related state statutes and the common law. This Court therefore has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b). This Court has supplemental jurisdiction over all state law claims asserted herein pursuant to 28 U.S.C. § 1367 (a). This Court has personal jurisdiction over Defendant pursuant to N.Y.C.P.L.R. § 301 by virtue of the fact that Defendant is a resident of the State of New York, including the Southern District of New York, transacts business within the State of New York, including the Southern District of New York, and has caused Plaintiff's injuries as alleged herein from its acts within or directed toward New York, including the Southern District of New York.

5.          Venue is proper pursuant to 28 U.S.C. §1391 (b).

## FACTS COMMON TO ALL COUNTS

6.          Plaintiff, a subsidiary of Getty Petroleum Marketing Inc., has for over 40 years been engaged in the sale, supply and delivery of heating fuel and the installation of fuel storage tanks, heating systems, water heaters, and thermostats to customers in New York State's Hudson Valley.

7.          Since 1959, Plaintiff has been using YOUR COMFORT IS OUR CONCERN in connection with the marketing and provision of Plaintiff's services.

83039616.1

8.       Specifically, YOUR COMFORT IS OUR CONCERN has appeared on Plaintiff's trucks, billing statements, website, advertisements in various media, and other promotional materials. In addition, YOUR COMFORT IS OUR CONCERN virtually always appears in close proximity to Plaintiff's company name.

9.       Plaintiff has invested significant sums in the marketing and promotion of Plaintiff's services as provided under YOUR COMFORT IS OUR CONCERN. As a result of these efforts, as well as Plaintiff's almost 50 years of use of YOUR COMFORT IS OUR CONCERN, the relevant public has long since come to associate YOUR COMFORT IS OUR CONCERN exclusively with Plaintiff.

10.      Plaintiff is also the owner of United States Trademark Application Serial No. 77/392,734. A copy of that Application is attached hereto as Exhibit A.

11.      Upon information and belief, Defendant is a full service oil and propane dealer operating in the same geographic area as Plaintiff, namely, New York State's Hudson Valley region.

12.      In January of 2008, Plaintiff learned that Defendant was making unauthorized use of YOUR COMFORT IS OUR CONCERN as a "verbal tag line" on Defendant's company answering machine. At no point has Defendant sought, or been granted, permission from Plaintiff to make any use of YOUR COMFORT IS OUR CONCERN.

13.      By a letter dated February 1, 2008, Plaintiff, through its outside counsel, demanded that Defendant cease and desist from any use of YOUR COMFORT IS OUR CONCERN in connection with its business and provide written confirmation that YOUR COMFORT IS OUR CONCERN has been removed from Defendant's answering machine. A copy of that letter is attached hereto as Exhibit B.

14.     On March 20, 2008, Michael G. Lewis, the Vice President and General Counsel for Plaintiff[1], left Defendant a voicemail message in an attempt to informally resolve Defendant's unauthorized use of YOUR COMFORT IS OUR CONCERN. Mr. Lewis sent a subsequent email on March 26, 2008 to the same effect. A copy of that email is attached hereto as Exhibit C. To date, Defendant has not responded. In the meantime, Defendant's unauthorized use of YOUR COMFORT IS OUR CONCERN as a verbal tagline continues. As a result every caller to Defendant who is placed on hold is exposed to the prominent use of Plaintiff's marks by one of its key competitors.

15.     By letter dated April 3, 2008, Plaintiff, through its outside counsel, sent Defendant a draft of this as of yet unfilled complaint. Plaintiff advised Defendant that unless appropriate assurances were received by April 10, 2008, that it would commence this action.

16.     Defendant did not respond.

17.     Defendant's unauthorized use of YOUR COMFORT IS OUR CONCERN commenced long after Plaintiff began its use in 1959.

18.     Upon information and belief, Defendant had knowledge of the existence of Plaintiff's use of YOUR COMFORT IS OUR CONCERN prior to engaging in the unauthorized use complained of herein.

19.     Defendant is committing the acts complained of herein willfully and with conscious disregard for Plaintiff's rights in YOUR COMFORT IS OUR CONCERN.

20.     Defendant's actions have caused damage and irreparable harm to Plaintiff. Unless Defendant is compelled to discontinue these actions by the Court, Plaintiff will continue to suffer such damage and irreparable harm.

---

[1] Mr. Lewis is also Vice President and General Counsel for Plaintiff's parent company, Getty Petroleum Marketing Inc.

21.    Plaintiff has no adequate remedy at law.

## CLAIM FOR RELIEF

### COUNT I – TRADEMARK INFRINGEMENT UNDER FEDERAL LAW

22.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 21 as if fully set forth herein.

23.    Defendant's aforesaid activities constitute trademark infringement of Plaintiff's YOUR COMFORT IS OUR CONCERN in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

24.    Defendant's aforesaid activities are likely to cause confusion, mistake and deception of the relevant public who are likely to believe that the products and services provided by Defendant are related to, connected with, or approved by Plaintiff when in fact they are not.

25.    Defendant's acts of trademark infringement have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

26.    Defendant's acts of trademark infringement, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

27.    Defendants has engaged and continues to engage in these activities knowingly and willfully.

### COUNT II – FALSE DESIGNATION OF ORIGIN UNDER FEDERAL LAW

28.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 27 as if fully set forth herein.

29.    Defendant's unlawful activities, as set forth above, create a likelihood of confusion or mistake as to the source, origin, sponsorship or legitimacy of the goods offered or

83039616.1                                        -5-

sold by Defendant; misappropriate and trade upon the fine reputation and goodwill amassed by Plaintiff in YOUR COMFORT IS OUR CONCERN, thereby injuring that reputation and goodwill; and unjustly divert from Plaintiff to Defendant the benefits arising therefrom.

30.     Defendant's aforesaid activities constitute false designation of origin, false description and false representation, unfair competition and false advertising in violation of Section 43 (a) of the Lanham Act, 15 U.S.C. § 1125 (a).

31.     Defendant's acts of false designation of origin, false description and false representation, unfair competition and false advertising in commerce have caused Plaintiff to sustain monetary damage, loss and injury, in an amount to be determined at trial.

32.     Defendant's acts of false designation of origin, false description and representation, unfair competition and false advertising in commerce, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable harm, for which Plaintiff has no adequate remedy at law.

33.     Defendant's have engaged and continue to engage in these activities knowingly and willfully.

### COUNT III – UNFAIR COMPETITION UNDER THE LAWS OF THE STATE OF NEW YORK

34.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 33 as if fully set forth herein.

35.     By reason of Defendant's unlawful activities, as set forth above, Defendant has engaged and is engaging in unfair competition with Plaintiff by copying, publishing, displaying, vending, distributing, selling, utilizing, promoting, and otherwise commercially benefiting from its use of Plaintiff's YOUR COMFORT IS OUR CONCERN where such use is likely to deceive and confuse the public into believing that Defendant's products and are sponsored by, licensed

by, endorsed by, or are otherwise associated with Plaintiff, and by misappropriating or attempting to misappropriate YOUR COMFORT IS OUR CONCERN and Plaintiff's goodwill and reputation which are associated therewith.

36.    By reason of the foregoing, Plaintiff is being irreparably damaged by Defendant's activities in the manner set forth above and will continue to be irreparably damaged unless Defendant is enjoined from continuing to commit the aforesaid acts.

**WHEREFORE,** Plaintiff prays for a judgment as follows:

1.    An order enjoining and restraining Defendant, its officers, agents, servants, employees, related companies, parent companies, subsidiary companies, licensees, assigns and all parties in privity and/or acting in concert with it, from making any use whatsoever of YOUR COMFORT IS OUR CONCERN, or any similar slogan, including in connection with the advertising, promoting, selling, or providing of, any of its products or services.

2.    Doing any other act or thing likely to, or calculated to, induce the belief that Plaintiff or Plaintiff's products or services are in any way affiliated, connected or associated with Defendant or Defendant's products.

3.    Within ten (10) days after the entry of an order for permanent injunction, Defendant be required to notify in writing each of its former and current customers as to the entry of the Court's injunction against using YOUR COMFORT IS OUR CONCERN, or any colorable imitation of YOUR COMFORT IS OUR CONCERN, in connection with its products or services.

4.    Within ten (10) days after the entry of an order for permanent injunction, Defendant, its agents, servants, employees, franchisees, licensees, attorneys and all others in active concert or participation with it, be required in accordance with 15 U.S.C. § 1118 to deliver up for

destruction all labels, signs, prints, packages, wrappers, advertisements and the like in its possession bearing YOUR COMFORT IS OUR CONCERN.

5.        Within ten (10) days after the entry of an order for permanent injunction, Defendant be required to notify in writing all publications (whether print or electronic) in which any reference to YOUR COMFORT IS OUR CONCERN appears, or is scheduled to appear, directing them to immediately cancel any such reference.

6.        A finding that Plaintiff shall recover Defendant's profits, as well as the damages sustained by Plaintiff and the costs of this action due to Defendant's infringement of YOUR COMFORT IS OUR CONCERN, such amount of damages to be trebled in accordance with the provisions of 15 U.S.C. § 117.

7.        That the Court determine that this action is exceptional in accordance with the provisions of 15 U.S.C. § 117.

8.        That Defendant be ordered to file with the Court, and serve upon Plaintiff's counsel, within thirty (30) days after the entry of the Order or Judgment, a report in writing and under oath setting forth in detail the manner in which Defendant has complied with the requirements of such Order or Judgment.

7.        Such other and further relief as the Court may deem just and equitable under the circumstances herein.


Dated this ____ day of April 2008.              Respectfully submitted,


                                        By:    _____

                                               Stephen W. Feingold  (SWF 2763)

                                               DAY PITNEY LLP

83039616.1                          -8-

7 Times Square
New York, NY 10036-7311
Telephone:    (212) 297-5800
Facsimile:    (212) 916-2940

Attorneys for Plaintiff
Kingston Oil Supply Corp.

83039616.1